[Freeman v. Edmundson & Co.]

# Freeman *v.* Edmundson & Co.

### *Claim Suit.*

(Decided May 16, 1911.   56 South. 260.)

*Appeal and Error; Review; New Trial; Evidence.*—The refusal of the trial court to grant a new trial will not be disturbed where the preponderance of the evidence against the verdict is not so decided as to clearly convinvce the court that the verdict was wrong.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Edmundson & Co. had execution levied upon certain property to which John E. Freeman imposed a claim. There was verdict and judgment for the plaintiff, whereupon claimant entered motion for new trial which was refused.   Affirmed.

M. K. CLEMENTS, for appellants.   There was no evidence to support the verdict, and the court should have granted a new trial.—*White v. Blair,* 95 Ala. 147; *Cobb v. Malone,* 92 Ala. 630; *Shepherd v. Dowling,* 103 Ala. 563.   The appeal should not be dismissed.—Rule 41, Sup. Ct. Pr.

W. R. WALKER, for appellee.   The appeal should be dismissed because not submitted at the call to which it was returnable by law.—Sec. 2870, Code 1907; *So. Ry. v. Abraham Bros.,* 161 Ala. 317; *Porter v. Martin,* 139 Ala. 318; *Sears v. Kirksey,* 81 Ala. 98.   The evidence is not so clearly against the verdict as to authorize this court to review it on appeal.

WALKER, P. J.—The overruling of the motion for a new trial is the only matter which is assigned as er-

[Freeman v. Edmundson & Co.]

ror.  The grounds of that motion were that the verdict was against the weight of the evidence, and that there was not sufficient evidence to sustain a verdict.  On the issue presented by the claim interposed by the appellant (claimant below) to the two horses levied upon as the property of Leonard Pitts (in whose possession they were found), the conflicts in the evidence were such as to make the question fairly one for the determination of the jury.  While the persons who were present when the trade involving the two horses was made between the claimant and Pitts state that the swap was made with the express condition that one Vaughn, who held a mortgage on the mule which Pitts was to give as part of the consideration for the two horses, should consent to the trade, and the evidence showed that this consent was not given, yet there was evidence tending to show that the trade was an unconditional one—for instance, declarations of the parties indicating that such was the case, the unconditional written promise of Pitts to pay the sum which he was to give in boot, and the circumstance, indicated by some of the testimony, that Vaughn's consent to the trade was not sought until after the horses had been levied on as the property of Pitts.  The claim that the verdict was unsupported by any evidence is wholly without merit.  Nor is it made to appear that the preponderance of the evidence against the verdict was so decided as clearly to convince this court that it was wrong and unjust.  It follows that the action of the lower court in denying the motion for a new trial cannot be made a ground of reversal.

Affirmed.